## No. 940.

STATE EX REL. T. L. WINDER, DISTRICT ATTORNEY, VS. MAYER CAHEN ET AL.

Mayor Cahon was appointed to tho office of tax-collector, parish of Assumption, his commission being dated tho fifth of March, 1875. Drury was appointed by tho samo authority to the samo office in tho place of Mayer Cahen, and his commis‧ sion bears dato March 23. 1876. The Governor having the power to remove for cause, the exercise of the power rests within his sound discretion, over which tho courts have no control. This is not now an open question.

The objection of Cahen to the reception in evidence of the bond of Drury on the ground that there is no evidence that the sureties had, at tho time of signing, sworn that they were worth enough to respond for the amount for which, they obligated themselves, was not well founded. Tho presumption *omnia rite acta* would apply if it were a matter in which ho had an interest.

As to the objection that the sureties did not reside in the parish, it was properly overruled. A statute of the State expressly permits a person residing in a different parish from that in which the officer is to exercise his functions, to be surety on his official bond. There is no conflict between this law and article 3042 of the Revised Civil Code.

APPEAL from the Fifteenth Judicial District Court, parish of Assumption. *Beattie,* J. Jury trial. *Henry C. Dibble,* Assistant

646      SUPREME COURT OF LOUISIANA,

State ex rel. Winder, District Attorney, vs. Cahen.

Attorney General, for relator and appellee.  *Leblanc & Guion,* for Mayor Cahen, defendant and appellant.

LUDELING, C. J.  This is an action under the intrusion act against both defendants, to test their rights to the office of tax-collector of the parish of Assumption.  See R. S., section 1158.

The facts show that Mayer Cahen was appointed to the office by the Governor.  His commission is dated fifth of March, 1875.  Drury was appointed in the place of Cahen, and his commission is dated twenty-third March, 1876.  The Governor having the power to remove for cause, the exercise of the power rests within his sound discretion, over which the courts have no control.  This is not now an open question.  25 An. 119, 396; 26 An. 537.

On the trial Cahen objected to the reception of the bond of Drury in evidence, on the grounds that there was no evidence that the sureties had, at the time of signing, sworn that they were worth enough to respond for the amount for which they obligated themselves; and that said sureties did not reside in the parish of Assumption.  These objections were properly overruled.  The presumption *omnia rite esse acta* would apply to the first objection, if it were a matter in which he had an interest, and the statute of the State expressly permitted a person residing in a different parish from that in which the officer is to exercise his functions, to be surety on his official bond.  R. S. section 351.  Nor is there any conflict between this law and article 3042 of the Revised Civil Code.  The charges asked for from the judge were properly refused.

It is therefore ordered that the judgment of the lower court be affirmed with costs of appeal.